IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 1:22-cr-16 |
| | ) | |
| STEPHEN AMIR DERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## **JOINT MOTION FOR RESTORATION TO COMPETENCY**

The United States of America, by and through undersigned counsel, and the defendant, through counsel, respectfully move this Court to hospitalize the defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, pursuant to 18 U.S.C. § 4241(d). In support thereof, the parties state as follows:

1. On February 17, 2022, a grand jury returned an Indictment charging the defendant with conspiracy, in violation of 18 U.S.C. § 371, and false statements in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2. Docket Entry ("DE") 1.

2. On March 31, 2022, the defendant was arrested and had his initial appearance, following which he was ordered detained pending a detention hearing. DE 29, 31. On April 1, 2022, following a detention hearing, the defendant was ordered held without bond pending trial. DE 34, 36. The defendant remains held pending trial.

3. On April 1, 2022, the defendant moved for a competency evaluation pursuant to 18 U.S.C. § 4241. DE 37. At a hearing on April 5, 2022, the Court granted the motion and ordered that the competency evaluation be completed within 30 days. DE 40.

4. On April 7, 2022, the defendant moved to appoint an evaluating psychologist,

1

Sharon Kelley, Ph.D., to complete the competency evaluation. DE 43. That same day, the Court granted the motion, appointed Sharon Kelley, Ph.D., to complete the competency evaluation pursuant to 18 U.S.C. § 4247(c)(4)(A), and ordered that the report be provided on or before May 7, 2022. DE 45.

5. On May 6, 2022, defense counsel provided a copy of the report by Dr. Kelley dated May 6, 2022, to the government and chambers. On May 9, 2022, defense counsel filed the report under seal. DE 62, 63.

6. The parties have conferred and agree that based on Dr. Kelley's report, there is a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(d).

7. The parties further agree that a competency hearing, as described in 18 U.S.C. §§ 4241(c) and 4247(d), is not necessary at this point, and defense counsel waives the competency hearing on behalf of the defendant.

8. The parties further agree that, pursuant to 18 U.S.C. § 4241(d), the Court should commit the defendant to the custody of the Attorney General to be hospitalized for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1). In particular, the parties request that the defendant be sent to the Bureau of Prisons ("BOP") Federal Medical Center Butner, if space is available, or to a similar BOP facility, where an appropriate mental health professional can perform psychiatric or psychological examination and treatment of the defendant

for restoration of competency, pursuant to 18 U.S.C. § 4241(d)-(e).

9. The government requests that the time from April 5, 2022 (i.e. the date the Court ordered a competency evaluation) through the date of the Court's Order finding the defendant incompetent be excluded under 18 U.S.C. § 3161(h)(1)(A) (excluding delay resulting from any proceeding, including any examinations, to determine the mental competency of the defendant). Defense counsel agrees to waive time beginning from when Dr. Kelley advised him that the defendant was incompetent but not before then.

10. In addition, the parties agree that the time from the date of the Court's Order finding the defendant incompetent until the Court finds the defendant restored to competency should be excluded under 18 U.S.C. §§ 3161(h)(1)(A), 3161(h)(1)(F) (excluding delay resulting from transportation of defendant to/from places of examination or hospitalization, except that any time consumed in excess of ten days from the date of an order directing such transportation and the defendant's arrival at the destination shall be presumed unreasonable), and 3161(h)(4) (excluding delay resulting from fact that defendant is mentally incompetent to stand trial).

WHEREFORE, the parties request that the Court enter the attached Order finding the defendant presently incompetent to stand trial; committing the defendant to the custody of the Attorney General for competency restoration treatment; and excluding the delay resulting from competency proceedings in computing the time within which the trial must commence, under 18 U.S.C. §§ 3161(h)(1)(A), 3161(h)(1)(F), and 3161(h)(4).

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
Natasha Smalky
Bibeane Metsch
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                            /s/
                                    Natasha Smalky
                                    Assistant United States Attorney